## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| A.M., A MINOR, by his parents and natural guardians, AUDLEY MUSCHETTE and JUDITH MUSCHETTE, | : : : | CIVIL ACTION NO. 3:13-CV-1337 (WWE) |
| Plaintiffs, | : | |
| VS. | : | |
| | : | |
| AMERICAN SCHOOL FOR THE DEAF, ET AL. Defendants, | | OCTOBER 21, 2013 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMERICAN SCHOOL FOR THE DEAF, CHRIS HAMMOND, AND JOHN DOE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(5) of the Federal Rules of Civil Procedure Defendants American School for the Deaf ("ASD"), Chris Hammond ("Hammond"), and John Doe ("Doe") (collectively the "ASD defendants") move to dismiss the Plaintiff's claims and set forth the following in support.

### Introduction

Plaintiffs have failed to exhaust administrative remedies or establish standing, and as a result the court lacks subject matter jurisdiction. They have also failed to properly serve the individual defendants Chris Hammond and John Doe, and therefore the court lacks personal jurisdiction over them.

Plaintiff A.M. is a student at the American School for the Deaf. He brings claims under Title III of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101, *et. seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 ("Rehabilitation Act" or "Section 504"), *et. seq.*, and State law against ASD, Hammond, and Doe. The claims against the ASD

defendants arise out of the educational relationship between Plaintiff and A.M. and a series of alleged incidents occurring from March through June 2013 while a student at the school. He also brings claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 1983, the ADA, Rehabilitation Act, and State law against the Town of West Hartford and two of its police officers. Those claims arise out of one alleged incident on April 30, 2013.

There is no subject matter jurisdiction over the claims against ASD, Hammond, and Doe. The only independent basis for federal jurisdiction against these defendants is federal question based on the ADA and the Rehabilitation Act. However, Plaintiff has not exhausted his administrative remedies under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, *et. seq*. Further, Plaintiffs have failed to establish standing for injunctive relief, and therefore there can be no claim under Title III of the ADA. That Title does not allow money damages. Finally, Hammond and Doe have not been properly served, and individual liability is not recognized under either the ADA or the Rehabilitation Act.

## I.   STATEMENT OF ALLEGED FACTS

Plaintiff A.M. was a student at the American School ("ASD") for the Deaf in West Hartford, CT. (Compl. ¶¶ 6-8.) Plaintiff is deaf and also has Attention Deficit Hyperactivity Disorder. The school provides special education. Specifically, the American School for the Deaf provided A.M. with a program "for the special needs of deaf and hard of hearing children and youth whose emotional or behavioral disorders prevent them from being served in more traditional programs." (Compl. ¶ 8.) Plaintiff alleges that Defendant Chris Hammond was an employee of ASD. (Compl. ¶ 13.) He

also alleges that John Doe was an employee of ASD. (Compl. ¶ 14.) Both Hammond and Doe are purportedly sued in their "individual and official capacities." Also Defendants are the Town of West Hartford and two of its police officers.

The claims against ASD arise from a series of discrete "incidents" set out in the Complaint. The first "incident" is alleged to have occurred in March 2013 and involved only ASD and Doe. (Compl. ¶¶ 19-27.) The second "incident" is alleged to have occurred on April 30, 2013 and involved ASD, Hammond, and the Town of West Hartford police officers. (Compl. ¶¶ 28-54.) The third and last incident is alleged to have occurred in the end of June 2013, and involved only ASD. (Compl. ¶¶ 55-63.) Each separate "incident" involves very different conduct. In general, however, Plaintiff claims that ASD failed to provide him with a safe educational environment and that ASD interfered with or failed to meet his educational needs.

Plaintiff alleges during the March 2013 incident that he was physically assaulted by John Doe. He alleges that ASD failed to properly follow protocol in that ASD failed to properly notify his parents of the incident, failed to provide information about the persons involved in the incident, and failed to properly follow the State regulations and procedures concerning investigation and reporting of the incident. (Compl. ¶¶ 21, 25-26.)

The only alleged incident involving the West Hartford police was the second incident. Plaintiff alleges that on April 30, 2013 Defendant Hammond interfered with A.M.'s ability to order lunch and his ability to communicate with his parents. (Compl. ¶¶ 29, 31.) It is further alleged that A.M. left the building as he was upset over this, and that Hammond began to chase A.M. outside of the building (Compl. ¶¶ 32-34.) An

3

altercation ensued outside, and the Town of West Hartford police were summoned to the scene. (Compl. ¶¶ 35-40.) Plaintiff goes on to allege that the West Hartford police officers tasered A.M. and that he suffered physical injuries as a result. (Compl. ¶¶ 41-54.) Plaintiff again claims that his parents were not timely notified of the "incident." (Compl. ¶ 54.)

The June 2013 "incident" involves an alleged attempt by ASD to retaliate against A.M. for his earlier conduct; however, the Complaint does not specify the specific conduct for which he was being retaliated. (Compl. ¶ 55.) (vague allegation that he was being retaliated against for "attempts to defend his civil rights" but not pleading facts in support). Plaintiff alleges that he was falsely accused of watching and printing pornography and trying to harm himself, and that ASD failed to properly respond and address the parents' concerns during a meeting. (Compl. ¶¶ 56-62.) Specifically, it is alleged that ASD staff told his parents that "they had two choices, to take A.M. out of the school or agree to never contact A.M. or the school again while A.M. is enrolled." (Compl. ¶ 62.) In general, Plaintiff takes issue with how ASD educated, disciplined, responded to, and handled A.M.'s behavior and addressed, or failed to address, his parents' concerns.

Based on the three "incidents," Plaintiff sets forth six counts against ASD. Those counts are: common law negligence; negligent infliction of emotional distress; battery; assault; intentional infliction of emotional distress; and violations of Title III of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act. As to Hammond and Doe, Plaintiff alleges battery, assault, intentional infliction, and violations of the ADA and Rehabilitation Act. Specifically, Plaintiff alleges that he was

4

discriminated against for being deaf. As to the West Hartford defendants, Plaintiff alleges violations of § 1983, violations of the ADA and Rehabilitation Act, and state law claims similar to those raised against ASD. (Generally, Compl.)  The only federal question claim against the ASD defendants is the ADA and Rehabilitation Act claim contained in Count Ten.

## II.   LEGAL STANDARD

On a Rule 12(b)(1) motion it is the burden of the party bringing the case to prove subject matter jurisdiction. Doe v. Connecticut, No. 3:10cv1981, 2011 U.S. Dist. LEXIS 125288, *5-6 (D. Conn. 2011). The plaintiff must show that the Court has the statutory or constitutional power to hear the case by a preponderance of the evidence. Chabad Lubavitch of Litchfield County, Inc. v. Litchfield, No. 3:09-CV-1419, 796 F. Supp. 2d 333, 337 (D. Conn. 2012). The Rule 12(b)(1) standard is nearly identical to that under Rule 12(b)(6). Doe v. Connecticut, 2011 U.S. Dist. LEXIS at *5-6.

The Court takes as true all of the well-pleaded factual allegations. When all the well-pleaded factual allegations are taken as true, only where the claim is plausible on the merits as assessed under the applicable federal law can it survive. Simms v. City of New York, No. 11-4568-cv, 2012 U.S. App. LEXIS 9819, *2-3 (2d Cir. May 16, 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). There must be sufficient factual matter as opposed to mere legal conclusions to justify the cause of action. Id. at *2. Where no claim is recognizable over which the District Court has federal jurisdiction, the case must be dismissed. Fed. R. Civ. P. 12(b)(6).

Likewise, it is the burden of the plaintiff to prove personal jurisdiction. Star Child II, LLC v. Lanmar Aviation, Inc., No. 3:11-CV-01842, 2013 U.S. Dist. LEXIS 36476, 5-6 (D. Conn. March 16, 2013). Similarly, once service has been challenged it is the plaintiff's burden to prove adequate service under the Rules, and if not the motion must be granted. Eiden v. McCarthy, 531 F. Supp. 2d 333, 343 (D. Conn. 2008).

## III.   LAW AND ARGUMENT

### A.   The District Court Lacks Subject Matter Jurisdiction Over the ASD Claims

The Court lacks subject matter jurisdiction over the ASD claims for two reasons: First, plaintiff has not exhausted administrative remedies under the IDEA. That Act requires a plaintiff that complains about the educational environment to first go through the administrative process set out by the local educational entity. This affords the school district the opportunity to apply their educational expertise to address concerns before a federal court, which is often ill-equipped to address the specific needs of special needs students, becomes involved. Additionally, it allows for the creation of a record, which is helpful to federal courts in assessing factual issues and streamlines the issues for considerations. Even if a claim is brought under the ADA or Rehabilitation Act, the IDEA process must be exhausted where, as here, some of the relief sought is available under the IDEA. Second, the only relief available under Title III of the ADA is injunctive relief. Yet, Plaintiff has failed to establish standing or to otherwise adequately set forth a claim for equitable relief. No Title III ADA claim can lie. Therefore, as is more fully explained below, the only alleged federal question claims against the ASD defendants do not in fact confer subject matter jurisdiction. Finally, Plaintiffs have not served the individual defendants, and there is no individual liability under the Acts.

i.   *Plaintiff failed to exhaust IDEA administrative remedies*

Plaintiff has failed to plead exhaustion (or in fact exhaust) of his administrative remedies under the IDEA. This, in itself, divests the Court of jurisdiction as recognized by both District Court precedent and the United States Court of Appeals for the Second Circuit.

Briefly, the IDEA applies to students at institutions that benefit from federal funds that are provided to States "to assist them to provide special education and related services to children with disabilities." 20 U.S.C. § 1411(a)(1). "Any State educational agency, State agency, or local educational agency that receives assistance under this part shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education by such agencies." 20 U.S.C. § 1415(a). The Act provides safeguards for parents and children to ensure that they can: communicate with and participate in the child's education, 20 U.S.C. § 1415(b)(1); make complaints if the education is not appropriate, 20 U.S.C. § 1415(b)(6); discuss their concerns with the school, 20 U.S.C. § 1415(e); and have a due process hearing on the issues. 20 U.S.C. § 1415(f). The express purposes of these procedures are "to ensure that the rights of children with disabilities and parents of such children are protected" and "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs" 20 U.S.C. § 1400(d)(1)(A), (B). ASD is approved by the Connecticut State Department of Education as a special education provider[1]

---

[1] The attached Exhibit A contains two documents from the Connecticut Bureau of Special Education that list the approved private special education providers. ASD is on this list, and the

under IDEA. Conn. Gen. Stat. § 10-76a, *et. seq.* (defining special education with reference to IDEA, and setting forth regulations for special education providers such as ASD). Therefore, IDEA applies.

The Second Circuit expressly recognizes that the IDEA broadly requires exhaustion. A plaintiff with "grievances related to the education of disabled children generally must exhaust their administrative remedies before filing suit in federal court, even if their claims are formulated under a statute other than the IDEA (such as the ADA or Rehabilitation Act)." Polera v. Board of Education of Newburgh, 288 F.3d 478, 481 (2d Cir. 2002). The IDEA "broadly" requires that a plaintiff exhaust these administrative remedies:

> [B]efore the filing of a civil action under [the ADA or Rehabilitation Act] seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section *shall be exhausted to the same extent as would be required had the action been brought under this subchapter.*

20 U.S.C. § 1415(l) (emphasis added).

The IDEA applies broadly to a plaintiff seeking "relief for the events, conditions, or consequences of which the person complains, not necessarily relief of the kind the person prefers." Polera, 288 F.3d 478, 490. Plaintiff's failure to exhaust administrative remedies deprives the District Court of subject matter jurisdiction. Polera, 288 F.3d 478, 483. Here, the Complaint seeks relief that is available under IDEA—such as a change in

P.A.C.E.S. program in which Plaintiff was enrolled, is listed on the second page as an approved program. (Compl. ¶ 8.) The Court may take judicial notice of these documents as they are records of a State agency. Conn. Gen. Stat. § 1-200 (defining public agency and public record); e.g., Sadler v. Lantz, No. 3:07-cv-1316, 2009 U.S. Dist. LEXIS 84537 (D. Conn. Sept. 16, 2009) (taking judicial notice of Department of Corrections regulations and administrative directives on motion to dismiss). Further, to the extent the Complaint refers to the P.A.C.E.S. program, the Court may consider the documents at Exhibit A as integral to consideration of the Complaint. Generally, Roth v. Jennings, 489 F.3d 499 (2d Cir. 2007).

ASD policies and procedures, allowing the parents to have input in Plaintiff's education, and modifying programs to fit Plaintiff's needs. The Complaint is specifically addressed to ASD's "policies and practices which do not provide sufficient safeguards to protect its students . . . [and interference] with the parental rights of Judith Muschette and Audley Muschette to communicate with [A.M.] and receive reasonable updates." (Compl. ¶ 4.) The Complaint seeks changes to ASD's "policies and practices." (Compl. ¶ 5.) This falls squarely within the relief available under the IDEA.

"The exhaustion doctrine [of the IDEA] prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes." Heldman v. Sobol, 962 F.2d 148, 159 (2d Cir. 1992). The exhaustion requirement "channel[s] disputes related to the education of disabled children into an administrative process" that not only allows administrators to apply their expertise but it also frees valuable space on federal court dockets. Polera, 288 F.3d 478, 487. "Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by the state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency." Id. (quoting Hoeft v. Tucson Unified School District, 967 F.2d 1298 (9th Cir. 1992)). "Federal Courts—generalists with no experience in the educational needs of handicapped students—are given the benefit of expert fact-finding by a state agency devoted to this very purpose." Id. (quoting Crocker v. Tennessee Secondary School Athletic Association, 873 F.2d 933 (6th Cir. 1989)).

The central issue in <u>Polera</u> was whether a federal complaint seeking relief *in addition* to relief available under the IDEA was still nonetheless subject to the broad IDEA exhaustion requirement. <u>Polera</u>, 288 F.3d 478, 480, 483. The Court held it was. There the plaintiff sought monetary damages *in addition* to equitable relief. Even though the Court of Appeals found that money damages were not available under the IDEA, the Court noted that

> [c]ourts in the Second Circuit have required exhaustion of administrative remedies even where damages were held to be unavailable through the administrative process. In such cases, plaintiffs were not permitted to evade the IDEA's exhaustion requirement merely by tacking on a request for money damages.

<u>Polera</u>, 288 F.3d 478, 487.

The Court went on to hold that

> [t]he IDEA is intended to remedy precisely the sort of claim made by [plaintiff]: that a school district failed to provide her with appropriate educational services. The fact that [plaintiff] seeks damages, in addition to relief that is available under IDEA, does not enable her to sidestep the exhaustion requirements of the IDEA. Where, as here, a full remedy is available at the time of injury, a disabled student claiming deficiencies in his or her education may not ignore the administrative process, then later sue for damages.

<u>Polera</u>, 288 F.3d 478, 488.

More recently, in <u>Baldessarre v. Monroe-Woodbury Central School District</u> our Court of Appeals expanded <u>Polera</u> and expressly stated that it follows the rule that IDEA exhaustion is required for non-IDEA claims if the claims, regardless of how they are phrased, seek relief that is available under IDEA. 496 Fed. Appx. 131, 134 (2d Cir. 2012). There the Court upheld the dismissal of an ADA claim and Rehabilitation Act for failure to exhaust administrative remedies under the IDEA even where, as is likewise the case here, there was no IDEA count. 496 Fed. Appx. 131, 132. The claims "all

relate[d] to the identification, evaluation, or educational placement of [plaintiff], or his treatment by his teacher because of his disability." Id. Simply put, a plaintiff cannot run straight to federal court and deprive the defendant of this opportunity and usurp the purposes of IDEA. Baldessarre, 496 Fed. Appx. 131, 133-34.

"Claims that are founded on conduct mandated by IDEA may not be pursued before the administrative remedies provided for in the statute have been exhausted." Karlen v. Westport Board of Education, 638 F. Supp. 2d 293, 299 (D. Conn. 2009). In that case the claims were barred because "the plaintiffs could have challenged several of the alleged acts in the complaint (those mandated under IDEA) using the IDEA-designated process. . . . even though such claims are disavowed by [p]laintiffs or cloaked in legal theories distinct from IDEA." Id. The court there held that it "lacks subject matter jurisdiction for any claims arising from the denial of educational services or environments or the provision of insufficient educational services . . . irrespective of whether the alleged conduct was caused by racial discrimination or animus." Id. at 300. To the extent claims can be construed as alleging claims under the IDEA they are subject to the exhaustion requirement. Id. at 299-300; see also Douglass v. District of Columbia, 750 F. Supp. 2d 54 (D.D.C. 2010) ("IDEA explicitly extends its exhaustion requirement to claims for relief that are available under the IDEA, regardless of the statutory basis."); C.B. v. Sonora School District, 691 F. Supp. 2d 1123 (E.D. Ca. 2009) (use of force on student by defendant and police was considered deviation from individual education program and therefore subject to IDEA exhaustion requirement); S.M. v. West Contra Costa County Unified School District, No. C07-5829CW, 2009 U.S. Dist. LEXIS 36519 (N.D. Ca. April 16, 2009) (even where physical abuse used as form

of punishment, simply "structuring a compliant as a challenge to policies, rather than as a challenge to an individualized education program . . . does not suffice to establish entitlement to a waiver of the IDEA's exhaustion requirement").

This Court had recent occasion to address the scope of the IDEA exhaustion requirement and properly dismissed claims not properly before it for lack of subject matter jurisdiction in Mr. and Mrs. P v. Greenwich Board of Education, No. 3:12CV387(AWT), 2013 U.S. Dist. LEXIS 35166 (Mar. 14, 2013). There the plaintiff brought claims under the IDEA and Rehabilitation Act. The student had a learning disability and was eligible for special education. The parents asked for and were given a due process hearing. Defendant filed a motion to dismiss on the grounds that plaintiff failed to exhaust administrative remedies.

The District Court addressed the motion to dismiss as one challenging subject matter jurisdiction. The Court applied the Polera rule that even if other relief is sought, if the claim seeks relief that is also available under the IDEA, the exhaustion requirement must be met. Id. at 15. Although the plaintiff's parents had already had a due process hearing, that hearing was regarding discrete issues occurring after 2010, but not issues occurring in prior years. Even though the Court had jurisdiction over the discrete issues occurring after 2010 (which had already gone through the administrative process), the Court held that the plaintiffs failed to exhaust administrative remedies as to the issues in the prior years, and therefore dismissed the entire claim for lack of subject matter jurisdiction. Id. at 24-25.

The Mr. and Mrs. P Court also dismissed the Rehabilitation Act claim because plaintiff did not present the alleged discrimination at issue to the hearing officer, either.

The Court held: "Because the plaintiffs failed to raise their Section 504 claim during the due process hearing, they have not exhausted their administrative remedies with respect to that claim." Id. at 26-27. The Court recognized that where the federal claim arises out of the same circumstances as the IDEA claim, exhaustion is required and there is no subject matter jurisdiction. Id. at 27. The IDEA exhaustion requirement broadly applies to any issue relating to special education, regardless of whether the complaint is designed to plead around the IDEA. Mr. and Mrs. P makes clear that the IDEA exhaustion requirement broadly applies to claims that arise from the same set of circumstances, even though some of the claims may not be subject to, or have already gone through, the administrative process.

The IDEA extends to physical injuries as well. In Scruggs v. Meriden Board of Education the plaintiff brought claims under the ADA and Rehabilitation Act. Plaintiff was receiving special education and entitled to the benefits of the IDEA. This included the creation of an individualized education plan and regular planning and placement team meetings. Plaintiff was "subject to constant bullying and harassment . . . pushed [around], knocked [off bleachers], and spit on" by classmates. Scruggs v. Meriden Board of Education, No. 3:03-CV-2224 (PCD), 2007 U.S. Dist. LEXIS 58517, 6 (D. Conn. Aug. 10, 2007). He was also "struck in the face by a student, choked, thrown down a flight of stairs, and stomped on." Id. The school refused to take action requested by the parents, such as separating certain students. Id. at 8. Plaintiff ended up committing suicide. Even though no IDEA was pled, the court recognized that "[a]ll of [plaintiff's] claims are subject to the IDEA exhaustion requirement because each claim seeks relief that is available under the IDEA." Id. at 20. While the court did not dismiss

the claims on these grounds, it was because the student was deceased and therefore any administrative remedies would have been futile. Id. at 21.

Where, as here, the Complaint takes issue with the opportunities afforded to Plaintiff, the response and discipline provided by Defendant, and the remedies and recourse available to Plaintiff and his parents, the IDEA applies and Plaintiff must exhaust. This is true even if the Complaint alleges conduct, such as physical assault or personal injury, or seeks remedies outside of the broad reach of IDEA. Because of this, there is no subject matter jurisdiction over the ADA or Rehabilitation Act claims.

ii.    *Plaintiff lacks standing for injunctive relief under ADA*

The only relief available under Title III of the ADA—the only provision of the ADA relied on by Plaintiff—is injunctive relief. Krist v. Kolombos Restaurant, Inc., 688 F.3d 89, 96 (2d Cir. 2012); see also Powell v. National Board of Medical Examiners, 364 F.3d 79 (2d Cir. 2004) (monetary damages not available under Title III of ADA); Berkery v. Kaplan, 518 Fed. Appx. 813 (11th Cir. 2013) (no private right of action for money damages under Title III); Fiorica v. University of Rochester, No. 07-CV-6232T, 2008 U.S. Dist. LEXIS 27638 (W.D.N.Y. Mar. 31, 2008) (past conduct does not support injunctive relief under Title III); Anonymous v. Goddard Riverside Community Center, Inc., No. 96 Civ. 9198, 1997 U.S. Dist. LEXIS 9724 (S.D.N.Y. July 10, 1997) (dismissing ADA claim because no money damages for past discrimination).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." Ward v. Murphy, 330 F. Supp. 2d 83 (D. Conn. 2004) (quoting L.A. v. Lyons, 461 U.S. 95 (1983)) (quotations omitted). Constitutional standing

"requires the plaintiff to allege that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (quotations omitted). In the first place, Plaintiff has failed to allege any legal conclusions let alone factual basis that he is in imminent harm. In fact, it is not even clear if Plaintiff even intends to continue in school at ASD. There is also no indication that the acts are continuing or that Plaintiff is subject to on-going discrimination. Plaintiff has failed to support or even allege the concrete, individualized harm requirement for future injunctive relief. The requirements of Article III standing for prospective injunctive relief are simply not met.  Plaintiff has failed to adequately plead standing.

### iii. *No individual liability under the Acts*

In the first place, there has been no service on the individual defendants Hammond and Doe. Not only is John Doe not identified, but service on an individual's employer is insufficient service of process. Plaintiff has failed to identify John Doe, and therefore unless and until he is identified, he cannot be properly served. There is absolutely no rule that permits service on an individual other than through in-hand service or abode service. Moreover, there is no rule that would permit Plaintiff to effect service on an unidentified individual by serving his alleged employer. Fed. R. Civ. P. 4(e). Plaintiff is required under the Rules to perform his due diligence and good faith inquiry, identify John Doe, and affect proper service on both Doe and Hammond under the Rules. Otherwise, the claims should be dismissed.

Even if service is affected on the individuals, Plaintiff cannot maintain claims under the Acts against Hammond or Doe in their individual or official capacities. There is no such thing as an "official" capacity suit against a private individual. There is no "office" held by Hammond or Doe. Beyond that, the ADA does not impose liability on individual employees. Pruitt v. Mailroom Technology, Inc., No. 3:06cv1530 (WWE), 2007 U.S. Dist. LEXIS 57808, 14 (D. Conn. Aug. 9, 2007); see also Spiegel v. Schulmann, 604 F.3d 72, 79-80 (2d Cir. 2010) (individuals may not be sued in their individual or personal capacity under the ADA or Rehabilitation Act); Dorsey v. Sullivan, 2013 U.S. Dist. LEXIS 126 (W.D.N.Y. Sept. 3, 2013) (no individual liability under ADA or Rehabilitation Act); Saldana v. Crane, No. 12-cv-573, 2013 U.S. Dist. LEXIS 127681 (D. Minn. July 26, 2013) (individuals not subject to suit under ADA); Bebry v. Aljac, LLC, No. 12-CV-4945, 2013 U.S. Dist. LEXIS 98337 (E.D.N.Y. July 13, 2013) (no individual liability for employees); Schenk v. Verizon, 2010 U.S. Dist. LEXIS 142140 (S.D.N.Y. Dec. 8, 2010) ("When an institution operates a place of public accommodation, individual employees of that institution may not be held liable under the Rehabilitation Act for discrimination on the basis of a disability."); Maccharulo v. Gould, 643 F. Supp. 2d 587 (S.D.N.Y. 2009) (neither official nor individual capacity suits allowed under ADA or Rehabilitation Act); M.K. v. Sergi, 554 F. Supp. 2d 175, 194 n. 11 (D. Conn. 2008) (citing numerous cases in this Circuit for proposition that there is no individual liability under Rehabilitation Act or ADA). The claims against the individual defendants must be dismissed for lack of jurisdiction and failure to state a claim under the Acts.

C.     The Court Should Refrain from Exercising Pendant Jurisdiction over ASD

Upon dismissal of the ADA and Rehabilitation Act claims against the ASD defendants, there will be no independent basis for federal jurisdiction over ASD, Hammond, or Doe. All that will remain against the ASD defendants will be State law claims of negligence, assault, battery, and infliction of emotional distress.

Even if the federal question claims survive against the West Hartford Defendants, the ASD State law claims are not "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. "The district courts may decline to exercise supplemental jurisdiction [when] . . . the claim raises a novel or complex issue of State law . . . [or] the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(d). "In exercising its discretion with respect to retaining supplemental jurisdiction, the district court must balance several factors 'including considerations of judicial economy, convenience, and fairness to litigants." Correspondent Servs. Corp. v. First Equities Corp., 338 F.3d 119, 126 (2d Cir. 2003). Such an analysis was undertaken in Sullivan v. Stein, 487 F. Supp. 2d 52 (D. Conn. 2007), and led to dismissal even though some federal claims against other defendants remained:

> [T]he Court concludes that efficiency and fairness would best be served by declining to exercise supplemental jurisdiction. . . . The Court bases its decision to refrain from exercising supplemental jurisdiction . . . on two considerations. First, the remaining claims against the State Defendants and Defendants Whalen and Williams arise from completely different facts than the remaining claims against J.W. Green. Second, the remaining claims against all of the Municipal and State Defendants are purely state law claims befitting the expertise and experience of a state court. Therefore, taking all factors into consideration, the Court believes it is in

the interests of efficiency and fairness to refrain from exercising supplemental jurisdiction over the remaining state law claims.

Id. at 88-89.

This decision was reached even though the "Court is aware that there might exist some degree of overlap between the still-pending federal claim against J.W. Green and the state law claims against the Municipal Defendants." Id. at 89.

The claims against ASD do not arise out of the same circumstances as the claims against the Town of West Hartford Defendants. Rather, the claims against ASD arise out of the educational relationship between Plaintiff and ASD. Moreover, the claims against ASD arise out of two other occurrences that do not involve the Town of West Hartford at all. It would not be fair to ASD to be forced into federal court on unrelated claims if there were no independent basis for federal jurisdiction, and it would not serve the ends of judicial economy to try unrelated claims together. In fact, it may lead to jury confusion because not all incidents involve the Town. Mere overlap on one of the incidents is not sufficient to justify supplemental jurisdiction. Further, particularly in light of the application of the IDEA and the administrative process available to Plaintiff, the State law claims against ASD may involve unique issues of State educational laws and immunities better suited to treatment by a State court.

## Conclusion

There is no basis on which to exercise subject matter jurisdiction as to the claims against the ASD defendants. The Court should dismiss the claims as stated.

Respectfully submitted,

DEFENDANT,
AMERICAN SCHOOL FOR THE
DEAF


By____/s/ Joseph J. Blyskal_____
    Joseph J. Blyskal
    Fed Bar No.: ct28055
    David G. Hill & Associates, LLC
    180 Glastonbury Blvd, Suite 202
    Glastonbury, CT    06033
    860-657-1012/Fax 860-657-9264
    jblyskal@dhill-law.com

## **CERTIFICATION**

This is to certify that on this 21st day of October 2013 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


    /s/ Joseph J. Blyskal
    Joseph J. Blyskal

# EXHIBIT A

# STATE APPROVED NONPUBLIC SPECIAL EDUCATION PROGRAMS

## Institutional Code 61

These facilities are approved for purposes of reimbursement pursuant to the provisions of section 10-76a-j of the General Statutes.

| Code | School | Executive Director | Address | Telephone | Fax |
|------|--------|-------------------|---------|-----------|-----|
| 155-03 | American School for the Deaf | Edward F. Peltier | 139 North Main St. West Hartford 06107 | (860) 570-2300 | (860) 570-2301 |
| 010-01 | Arch Bridge School | Susan Schoenbach | 21 Arch Bridge Rd. Bethlehem 06751 | (203) 266-8036 | (203) 266-8035 |
| 155-05 | Ben Bronz Academy | Aileen Stan-Spence | 139 North Main St. West Hartford 06107 | (860) 236-5807 | (860) 233-9945 |
| 148-01 | Benhaven School (site 1) | Larry Wood | 125 North Plains Industrial Rd. Wallingford 06492 | (203) 793-1905 | (203) 793-1909 |
| 148-04 | Benhaven School (site 2) | Larry Wood | 50 North Plains Highway Wallingford 06492 | (203) 265-5507 | |
| 159-01 | CCMC School | Barbara Brown | 170 Ridge Rd. Wethersfield 06109 | (860) 947-4100 | (860) 947-4110 |
| 062-02 | Cedarhurst School | Michael Hoge | 871 Prospect St. Hamden 06517 | (203) 764-9314 | (203) 764-9321 |
| 015-61 | Center of Progressive Education | Lynn Madden | 425 Grant St. Bridgeport 06610 | (203) 337-9943 | (203) 337-4394 |
| 093-06 | Chapel Haven | Betsey J. Parlato | 1040 Whalley Ave. New Haven 06515 | (203) 397-1714 | (203) 392-3698 |
| 084-01 | Charles F. Hayden School at Boys & Girls Village | Rev. Kenneth Fellenbaum | 528 Wheelers Farm Rd. Milford 06460 | (203) 877-0300 | (203) 876-0076 |
| 077-01 | Community Child Guidance Clinic School | Clifford Johnson | 317 North Main St. Manchester 06042 | (860) 643-2101 | (860) 645-1470 |
| 084-04 | Connecticut Center for Child Development (CCCD) - Site 1 | Suzanne Letso | 925 Bridgeport Ave. Milford 06460 | (203) 882-8810 | (203) 878-9468 |
| 084-05 | Connecticut Center for Child Development (CCCD) - Site 2 | Suzanne Letso | 597 Naugatuck Ave. Milford 06460 | (203) 882-8810 | (203) 306-0006 |
| 095-01 | Connecticut College Children's Program | Kathryn M. O'Connor Ph.D. | Box 5215 New London 06320 | (860) 439-2920 | (860) 439-5317 |
| 074-01 | Connecticut Junior Republic | John F. Boyd | 550 Goshen Rd., P.O. Box 161 Litchfield 06759 | (860) 567-9423 | (860) 567-2670 |
| 150-01 | Devereux Glenholme School | Gary L. Fitzherbert | 81 Sabbaday Lane Washington 06793 | (860) 868-7377 | (860) 868-7894 |
| 057-01 | Eagle Hill School | Mark J. Griffin | 45 Glenville Rd. Greenwich 06831 | (203) 622-9240 | (203) 622-8668 |
| 064-20 | Eagle House Education Program | Elizabeth Bryden | 1680 Albany Ave. Hartford 06105 | (860) 297-0585 | (860) 714-8700 |
| 101-01 | Elizabeth Ives School for Special Children | Linda A. Zunda | 70 State St. North Haven 06473 | (203) 234-8770 | (203) 234-7238 |
| 064-60 | Futures School | Pam DonAroma | 158 Broad St. Middletown 06457 | (860) 347-5099 | (860) 343-1652 |
| 051-02 | Giant Steps CT School | Kathryn D. Roberts | 309 Barberry Rd. Fairfield 06490 | (203) 254-3491 | (203) 254-9872 |
| 076-01 | Grove School | Peter Chorney | 175 Copse Rd. Madison 06443 | (203) 245-2778 | (203) 245-6098 |
| 103-62 | High Road School of Norwalk | Brooke Violante | 29 Village Ln. Wallingford 06492 | (203) 284-0441 | (203) 265-6335 |

| *State-Approved Nonpublic Special Education Programs* | | | | CONNECTICUT EDUCATION DIRECTORY |
|---|---|---|---|---|

| Code | School | Executive Director | Address | Telephone | Fax |
|---|---|---|---|---|---|
| 103-62 | High Road School of Norwalk | Michael Kaufman | 29 Village Ln. Wallingford 06492 | (203) 284-0441 | (203) 265-6335 |
| 148-50 | High Road School of Wallingford | Brooke Violante | 29A Village Ln. Wallingford 06492 | (203) 265-5507 | (203) 265-6335 |
| 148-50 | High Road School of Wallingford | Michael Kaufman | 29A Village Ln. Wallingford 06492 | (203) 265-5507 | (203) 265-6335 |
| 148-02 | High Road Student Learning Center | Karin Bertero | 29 Village Ln. Wallingford 06492 | (203) 284-0441 | (203) 265-6335 |
| 107-50 | Hope Academy | Laura A. Carroll | 89 Marsh Hill Rd. Orange 06477 | (203) 799-6000 | (203) 799-0000 |
| 155-02 | Intensive Education Academy, Inc. | Helen E. Dowd, C.S.J. | 840 North Main St. West Hartford 06117 | (860) 236-2049 | (860) 231-2843 |
| 045-01 | Lighthouse Vocational-Education Center-East Lyme (site 2) | Kathryn Greene | 312 Main St. Niantic 06357 | (860) 691-1137 | (860) 691-1118 |
| 059-01 | Lighthouse Vocational-Education Center-Groton (site 1) | Kathryn Greene | 46 Plaza Court Groton 06340 | (860) 445-7626 | (860) 449-1378 |
| 062-61 | Lorraine D. Foster Day School | Dominique Fontaine | 1861 Whitney Ave. Hamden 06517 | (203) 230-4877 | (203) 288-5749 |
| 077-03 | Manchester Memorial Hospital Clinical Day School | Kay Tapper | 71 Haynes St. Manchester 06040 | (860) 646-1222 | (860) 533-3452 |
| 103-61 | MCCA A.R.T. School | Joseph Sullivan | 17 North Avenue Norwalk 06857 | (203) 849-7514 | (203) 847-5830 |
| 036-01 | Mount Saint John | Chris Sheehan | 135 Kirtland St. Deep River 06417 | (860) 343-1323 | (860) 526-3846 |
| 036-01 | Mount Saint John | Paul Wiehn | 135 Kirtland St. Deep River 06417 | (860) 343-1323 | (860) 526-3846 |
| 078-01 | Natchaug Hospital Inpatient School | Jill Bourbeau | 189 Storrs Rd. Mansfield 06250 | (860) 456-1311 | (860) 423-6114 |
| 078-03 | Natchaug Hospital Journey School | Jill Bourbeau | 189 Storrs Rd. Mansfield 06250 | (860) 456-1311 | (860) 423-1109 |
| 049-01 | Natchaug Hospital School Joshua Center (Enfield) | Jill Bourbeau | 72 Shaker Road Enfield 06082 | (860) 749-2243 | (860) 749-2613 |
| 069-01 | Natchaug Hospital School Joshua Center NE | Jill Bourbeau | 934 North Main St. Danielson 06239 | (860) 779-2101 | (860) 779-3807 |
| 163-06 | Natchaug Hospital School/Clincal Day Treatment-Willimantic | Jill Bourbeau | 345 Jackson St. Willimantic 06226 | (860) 450-7373 | (860) 450-7379 |
| 078-02 | Natchaug Hospital School/Clinical Day Treatment-Mansfield | Jill Bourbeau | 190 Storrs Rd. Mansfield 06250 | (860) 456-1311 | (860) 423-6114 |
| 086-02 | Natchaug Hospital School/Joshua Center SE - Montville | Jill Bourbeau | 20 Maple Ave Uncasville 06382 | (860) 848-3098 | (860) 848-1152 |
| 104-01 | Natchaug Hospital School/Thames Valley Clinical Day Treatment-Norwich | Jill Bourbeau | 1 Ohio Ave. Norwich 06360 | (860) 886-4850 | (860) 886-6567 |
| 110-02 | Northwest Village School | Susan Walkama | 91 Northwest Dr. Plainville 06062 | (888) 793-3717 | (860) 793-3521 |
| 083-05 | Northwest Village School (site 2) The Academy of The Wheeler Clinic | Susan Walkama | 20 Tuttle Place Middletown | (860) 632-4100 | (860) 632-4105 |
| 110-52 | Oak Hill School  at Middle School of Plainville | Patrick Johnson | 150 Northwest Dr. Plainville 06062-1532 | (860) 793-9588 | (860) 793-3265 |
| 092-01 | Oak Hill School at Ann Antolini School - New Hartford | Patrick Johnson | 30 Antolini Rd. Room 29 New Hartford 06057-3326 | (203) 482-8457 | (203) 482-8457 |
| 089-02 | Oak Hill School at New Britain | Patrick Johnson | 314 Osgood St. New Britian 06052 | (860) 225-6360 | (860) 225-6372 |

| Code | School | Executive Director | Address | Telephone | Fax |
|---|---|---|---|---|---|
| 110-61 | Oak Hill School at Plainville High School | Vacant | 47 Robert Holcomb Way Plainville 06062 | | |
| 131-01 | Oak Hill School at Rubin E. Thalberg School-Southington | Patrick Johnson | 145 Dunham Rd. Southington 06489-1258 | (860) 747-3950 | (860) 747-3704 |
| 110-03 | Oak Hill School at Toffolon | Patrick Johnson | 145 NorthWest Dr. Plainville 06062-1534 | | |
| 064-61 | OPTIONS Educational Services | Scott Wells | 645 Farmington Ave. Hartford 06105 | (860) 523-5318 | (860) 232-3597 |
| 155-08 | PACES | Edward F. Peltier | 139 North Main St. West Hartford 06107 | (860) 570-2300 | (860) 570-2301 |
| 089-03 | Raymond Hill School (Klingberg Family Centers) | Rosemarie Burton | 370 Linwood St. New Britain 06052 | (860) 224-9113 | (860) 826-7935 |
| 038-02 | Rushford Academy | Kathy Ulm | 459 Wallingford Rd. Durham 06422 | (860) 349-1989 | (860) 349-1982 |
| 051-60 | Saint Catherine Academy | Sr. Marilyn Muldoon O.S.U. | 760 Tahmore Drive Fairfield 06825 | (203) 540-5381 | |
| 158-01 | Seton Academy | Armand Fabbri | 47 Long Lots Rd. Westport 06880 | (203) 341-4507 | (203) 227-9526 |
| 064-13 | Sinai School | Edward S. Johnson | 500 Blue Hills Ave. Hartford 06112 | (860) 714-2111 | (860) 714-8700 |
| 144-01 | St. Vincent's Special Needs Center | Barry Buxbaum | 95 Merritt Blvd. Trumbull 06611 | (203) 375-6400 | (203) 380-1190 |
| 151-05 | Stepping Stone School | Hildy Paris | 63 Prospect St. Waterbury 06702 | (203) 596-1177 | (203) 596-1964 |
| 077-02 | Summit School/New Hope Manor, Inc. | Cheryl Fasano | 300 Parker Street Manchester 06040 | (860) 643-2701 | (860) 647-8383 |
| 141-01 | Susan Wayne Center of Excellence | Michael Morrill | 75 Church Street Thompson 06277 | (860) 928-5900 | (860) 963-0100 |
| 107-01 | The Foundation School | Walter J. Bell | 719 Derby-Milford Rd. Orange 06477 | (203) 795-6075 | (203) 799-4797 |
| 084-60 | The Foundation School (site 2) | Walter J. Bell | 91 Woodmont Rd. Milford 06460 | (203) 795-6075 | (203) 799-4707 |
| 155-01 | The Gengras Center | Bernard Lindauer | 1678 Asylum Ave. West Hartford 06117-2791 | (860) 231-5203 | (860) 231-6795 |
| 033-01 | The Learning Center | Garrell S. Mullaney | 60 Hicksville Rd. Cromwell 06416 | (860) 635-6010 | (860) 635-3708 |
| 019-01 | The Learning Clinic | Raymond W. DuCharme | Route 169 PO Box 324 Brooklyn 06234 | (860) 774-5619 | (860) 774-1037 |
| 025-01 | The Webb Schools-Cheshire | Christina Levin-Gerdner | 725 Jarvis St. Cheshire 06410 | (203) 272-8395 | (203) 272-8463 |
| 064-02 | The Webb Schools-Hartford | Christina Levin-Gerdner | 200 Retreat Ave. Hartford 06106 | (860) 545-7238 | (860) 545-7037 |
| 074-04 | Touchstone School | Hildy Paris | 11 Country Place, P.O. Box 457 Litchfield 06759 | (860) 567-3809 | (860) 567-3846 |
| 135-01 | Villa Maria Education Center | Sr. Carol Ann | 161 Sky Meadow Dr. Stamford 06903 | (203) 322-5886 | (203) 322-0228 |
| 152-01 | Waterford Country School | David B. Moorehead | 78 Hunts Brook Rd./P.O. Box 408 Waterford 06375 | (860) 442-9454 | (860) 442-2228 |
| 062-03 | Whitney Hall School | Anthony Del Mastro | 1400 Whitney Ave. Hamden 06517 | (203) 248-2116 | (203) 287-9815 |

**State-Approved Nonpublic Special Education Programs**                    CONNECTICUT EDUCATION DIRECTORY

| Code | School | Executive Director | Address | Telephone | Fax |
|------|--------|--------------------|---------|-----------|-----|
| 084-61 | Woodhouse Academy | Bob Lepper | 4 Oxford Rd. Milford 06460 | (203) 877-9121 | (203) 877-4453 |
| 093-14 | Yale Child Study Center School | Mary Gunsalus | 15 York St. New Haven 06520 | (203) 688-5997 | (203) 737-2797 |

APPROVED PRIVATE SPECIAL EDUCATION PROGRAMS

# Positive Attitude Concerning Education and Socialization Program

Facility Code: 155-08-61

**This program is located at:**　　　　139 North Main Street
　　　　　　　　　　　　　　　　　　West Hartford, CT 06107

**Ages Approved to Serve:**　　　　　8 through 21 years

---

**THE POSITIVE ATTITUDE CONCERNING EDUCATION AND SOCIALIZATION PROGRAM HAS PROVIDED THE FOLLOWING DESCRIPTION OF THIS SPECIAL EDUCATION PROGRAM:**

The Positive Attitude Concerning Education and Socialization (PACES) Program is the response of the American School for the Deaf, to the special needs of deaf and hard of hearing children and youth, whose emotional or behavioral disorders prevent them from being served in more traditional programs. The first program of its kind, PACES continues to offer effective, comprehensive, individualized programming delivered by experienced, knowledgeable staff. The PACES Program is approved by the Connecticut, New York, New Jersey, Massachusetts, Delaware and Rhode Island Departments of Education as an approved special education school and licensed by the Department of Children and Families.

Since 1982, this unique residential treatment program has served emotionally and behaviorally disturbed deaf and hard of hearing children and adolescents with comprehensive psychological and educational programming. Located on the school's 52-acre campus, PACES serves students in two program age groups. Students ages 8-13 and 14-21 are placed in separate groups with their own classrooms, residential units and staff. PACES offers a five-day enrollment that permits students to go home each weekend, as well as a seven-day enrollment for students whose emotional/behavioral disorders required supervision 24 hours a day, 365 days a year.

---

This program accepts day students and residential students who have been referred by school districts.

The program also provides services to residential students who have been placed by public agencies for reasons other than educational.

| | |
|---|---|
| **Education Director:** | Jeffrey S. Bravin |
| **Telephone Number:** | 860-570-1816 |
| **E-mail Address:** | jeff.bravin@asd-1817.org |
| | |
| **Chief Administrator:** | Edward F. Peltier |
| **Telephone Number:** | 860-570-2300 |
| **E-mail Address:** | ed.peltier@asd-1817.org |
| | |
| **Fax Number:** | 860-570-2301 |

**Note: The American School for the Deaf operates this program.**