UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| A.M., A MINOR, by his parents and natural guardians, AUDLEY MUSCHETTE and JUDITH MUSCHETTE,<br>    Plaintiffs, | : | CIV. NO.:3:13CV1337(WWE) |
| vs. | | |
| AMERICAN SCHOOL FOR THE DEAF, ET AL.,<br>    Defendants. | : | DECEMBER 11, 2013 |

## WEST HARTFORD DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

The defendants, the Town of West Hartford, Officer Paul W. Gionfriddo and Officer Christopher Lyth (hereinafter "the defendants") hereby respond to the plaintiffs' complaint, dated September 11, 2013, as follows:

## PRELIMINARY STATEMENT

1. So much of Paragraph 1 as alleges that, "the Town of West Hartford and it police officers . . . recklessly, intentionally, and maliciously injured Plaintiff and deprived him of his civil and constitutional rights", is denied. With respect to the remaining allegations of Paragraph 1, the defendants have

insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

    2.   With respect to the allegations of Paragraph 2, it is admitted that Officers Gionfriddo and Lyth acted in accordance with the applicable policies and procedures of the West Hartford Police Department.  The remaining allegations of Paragraph 2 are denied.

    3.   Paragraph 3 is denied.

    4.   With respect to the allegations of Paragraph 4, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

    5.   So much of Paragraph 5 as is directed at the Town of West Hartford and Officers Gionfriddo and Lyth, is denied.  With respect to the remaining allegations of Paragraph 5, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

## PARTIES

6-8. With respect to the allegations of Paragraphs 6 through 8, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

9. So much of Paragraph 9 as alleges that, "[a]t all relevant times hereinafter mentioned, Defendant, TOWN OF WEST HARTFORD was and still is a statutory municipality organized under the laws of the State of Connecticut", is admitted. As to the remaining allegations of Paragraph 9, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

10-11. Paragraphs 10 and 11 are admitted.

12-14. With respect to the allegations of Paragraphs 12 through 14, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

## JURISDICTION AND VENUE

15-18.    With respect to the allegations of Paragraphs 15 through 18, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

## FACTS

### MARCH 2013 INCIDENT

19-27.    With respect to the allegations of Paragraphs 19 through 27, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

### APRIL 2013 INCIDENT

28-39.    With respect to the allegations of Paragraphs 28 through 39, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

40-41.    Paragraphs 40 and 41 are admitted.

42.  Paragraph 42 is denied.

43-44. With respect to the allegations of Paragraphs 43 and 44, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

45. So much of Paragraph 45 as alleges that, "Town of West Hartford Police officer Paul Gionfriddo tasered A.M.", is admitted. So much of Paragraph 45 as alleges that Officer Gionfriddo tasered A.M. "[w]ithout any warning or notice to A.M." and "while A.M. was sitting calmly with his back facing Officer Gionfriddo.", is denied. With respect to the remaining allegations of Paragraph 45, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

46. With respect to the allegations of Paragraph 46, it is admitted only that A.M. was handcuffed by Officers Gionfriddo and Lyth. As to the remaining allegations of Paragraph 46, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

47.  With respect to the allegation of Paragraph 47 that Officers Gionfriddo and Lyth, did not attempt to "physically apprehend A.M.", the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.  The remaining allegations of Paragraph 47 are denied.

48.  Paragraph 48 is denied.

49.  So much of Paragraph 49 as alleges that, "Plaintiff A.M. was not charged with resisting arrest", is admitted.  The remaining allegations of Paragraph 49 are denied.

50.  Paragraph 50 is denied.

51.  Paragraph 51 is admitted.

52-54.   With respect to the allegations of Paragraphs 52 through 54, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

**JUNE 2013 INCIDENT**

55-62.   With respect to the allegations of Paragraphs 52 through 62, the defendants have insufficient knowledge or

information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

63. So much of Paragraph 63 as alleges "unlawful treatment" by the Town of West Hartford and Officers Gionfriddo and Lyth, is denied. With respect to the remaining allegations of Paragraph 63, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

**FIRST CAUSE OF ACTION**

**EXCESSIVE USE OF FORCE PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT GIONFRIDDO**

64-65. Paragraphs 64 and 65 are denied.

**SECOND CAUSE OF ACTION**

**MUNICIPAL LIABILITY CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT TOWN OF WEST HARTFORD: FAILURE TO TRAIN**

66-69. Paragraphs 66 through 69 are denied.

**THIRD CAUSE OF ACTION**

**VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AND SECTION 504 OF THE REHABILITATION ACT OF 1973 AGAINST DEFENDANTS TOWN OF WEST HARTFORD, PAUL GIONFRIDDO, CHRISTOPHER LYTH**

70. Responses to Paragraphs 1 through 69 above are repeated and incorporated herein by reference.

71-72. Paragraphs 71 and 72 are denied.

73-76. Paragraphs 73 through 76 are admitted.

77-80. With respect to the allegations of Paragraphs 77 through 80, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

81-82. Paragraphs 81 and 82 are denied.

## FOURTH CAUSE OF ACTION

### MUNICIPAL LIABILITY CLAIM PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT TOWN OF WEST HARTFORD: FAILURE TO SUPERVISE

83-86. Paragraphs 83 through 86 are denied.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE AGAINST DEFENDANT, AMERICAN SCHOOL FOR THE DEAF

The defendants do not respond to this count as it is not directed at them.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT AMERICAN SCHOOL FOR THE DEAF

The defendants do not respond to this count as it is not directed at them.

## SEVENTH CAUSE OF ACTION

### BATTERY IN VIOLATION OF CONNECTICUT LAW AGAINST DEFENDANTS PAUL GIONFRIDDO, CHRISTOPHER LYTH, CHRIS HAMMOND, JOHN DOE, TOWN OF WEST HARTFORD, AND AMERICAN SCHOOL FOR THE DEAF

104. The defendants incorporate their answers to Paragraphs 1 through 103 above, as if specifically set forth herein.

105-106. So much of Paragraphs 105 and 106 as is directed at the Town of West Hartford, Officer Gionfriddo and Officer Lyth, is denied. With respect to the remaining allegations of these Paragraphs, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

107. Paragraph 107 is denied.

108. With respect to the allegations of Paragraph 108, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

# EIGHTH CAUSE OF ACTION

## ASSAULT IN VIOLATION OF CONNECTICUT LAW AGAINST DEFENDANT PAUL GIONFRIDDO, CHRISTOPHER LYTH, CHRIS HAMMOND, JOHN DOE, TOWN OF WEST HARTFORD, AMERICAN SCHOOL FOR THE DEATH

109. The defendants repeat and incorporate their answers to Paragraphs 1 through 108 above, as if specifically set forth herein.

110-111. So much of Paragraphs 110 and 111 as is directed at the Town of West Hartford, Officer Gionfriddo and Officer Lyth, is denied. With respect to the remaining allegations of these Paragraphs, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

112. Paragraph 112 is denied.

113. With respect to the allegations of Paragraph 113, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

# NINTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS PAUL GIONFRIDDO, CHRIS HAMMOND, JOHN DOE, AMERICAN SCHOOL FOR THE DEAF, AND TOWN OF WEST HARTFORD

114. The defendants repeat and reiterate their answers to Paragraphs 1 through 113 above, as if set forth more fully and at length herein.

115-117. So much of Paragraphs 115 through 117 as is directed at the Town of West Hartford, Officer Gionfriddo and Officer Lynch, is denied. As to the remaining allegations of these Paragraphs, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

118. Paragraph 118 is denied.

119. With respect to the allegations of Paragraph 119, the defendants have insufficient knowledge or information upon which to form an opinion or belief, and therefore leave plaintiffs to their proof.

## TENTH CAUSE OF ACTION

## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990 AND SECTION 504 OF THE REHABILITATION ACT OF 1973 AGAINST DEFENDANTS AMERICAN SCHOOL FOR THE DEAF, CHRIS HAMMOND AND JOHN DOE

The defendants do not respond to this count as it is not directed at them.

## ELEVENTH CAUSE OF ACTION

### NEGLIGENCE AGAINST DEFENDANT, PAUL GIONFRIDDO

133. The defendants repeat and reiterate their answers to Paragraphs 1 through 132 above, as if set forth more fully and at length herein.

134-135. Paragraphs 134 and 135 are denied.

## TWELFTH CAUSE OF ACTION

### NEGLIGENCE AGAINST DEFENDANT, TOWN OF WEST HARTFORD

136. The defendants repeat and reiterate their answers to Paragraphs 1 through 141 above, as if set forth more fully and at length herein.

137. Paragraph 137 is admitted.

138. Paragraph 138 is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint, or specific portions thereof, fail[s] to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The actions and conduct of these defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which these defendants were aware, and they enjoy qualified immunity from all liability therefor.

### THIRD AFFIRMATIVE DEFENSE

The actions and conduct of these defendants did not violate any clearly established constitutional or federal statutory right of which these defendants reasonably should have been aware, and they are therefore entitled to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants are entitled to governmental immunity in that the complained-of conduct was engaged in in good faith, without malice, and in the discretionary performance of governmental duties.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by Connecticut General Statutes § 53a-22.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff A.M. himself was negligent, and such negligence was a proximate cause of any losses and damages claimed by the plaintiff(s); therefore, any recovery by plaintiff(s) is barred or must be proportionately reduced.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims pursuant to Title II of the Americans with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973 must fail because the plaintiffs have failed to exhaust the administrative remedies available to them.

## JURY CLAIM

These defendants hereby claim this case to the jury docket.

                    DEFENDANTS, TOWN OF WEST
                    HARTFORD, PAUL W. GIONFRIDO
                    and CHRISTOPHER LYTH

                    BY/ss/Scott M. Karsten
                      Scott M. Karsten
                      Federal Bar No.: ct05277
                      Kateryna Lagun Bar No.: ct28842
                      Karsten & Tallberg, LLC
                      8 Lowell Road
                      West Hartford, CT 06119
                      Telephone (860)233-5600
                      Telecopier (860)233-5800
                      skarsten@kt-lawfirm.com

## **CERTIFICATION**

I hereby certify that on December 11, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/ss/Scott M. Karsten
Scott M. Karsten