UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| A.M., a minor by his parents and natural guardians, AUDLEY MUSCHETTE and JUDITH MUSCHETTE,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SCHOOL FOR THE DEAF, CHRIS HAMMOND, ELWIN ESPINOSA, TOWN OF WEST HARTFORD, CHRISTOPHER LYTH, PAUL GIONFRIDDO,<br><br>Defendants. | 3:13cv1337 (WWE) |

## RULING ON MOTION FOR RECONSIDERATION

In this action, plaintiffs Audley and Judith Muschette on behalf of their minor child A.M. have brought claims pursuant to the Americans with Disability Act ("ADA"), Rehabilitation Act, and state law (negligence, assault, battery, and negligent and intentional infliction of emotional distress) against defendants American School for the Deaf ("ASD"), Chris Hammond, and Elwin Espinosa.  Plaintiffs also allege claims pursuant to Section 1983, the ADA, and the Rehabilitation Act against West Hartford and Police Officers Christopher Lyth and Paul Gionfriddo.

Defendants ASD, Hammond, and Espinosa filed a motion to dismiss the complaint for lack of jurisdiction and a motion to dismiss for failure to state a claim.  The Court granted the motion to dismiss for lack of subject matter jurisdiction and dismissed the federal and state law claims against ASD, Chris Hammon and Espinosa.  The Court

1

found the motion to dismiss for failure to state a claim as moot.  Plaintiffs filed a motion for reconsideration.  The Court will grant the motion for reconsideration.

## BRIEF FACTUAL BACKGROUND

The following facts are reflected in the allegations of the complaint, which are considered to be true for purposes of this ruling.

ASD is a provider of private special education services approved for reimbursement pursuant to the Connecticut statutes and regulations by the Connecticut Bureau of Special Education.  ASD is also a recipient of federal funding.  The individual defendants Hammond and Espinosa are alleged employees of ASD.

A.M. was a student at ASD, participating in P.A.C.E.S., a program approved by the Connecticut Bureau of Special Education for the special needs of deaf and hard of hearing children and youth whose emotional or behavioral disorders prevent them from being served in more traditional programs.  Plaintiff alleges that he was mistreated and physically assaulted by the individual ASD defendants.  ASD failed to follow proper protocol by notifying his parents of the incidents, by providing information about the individuals involved in the incidents, and by complying with State regulations and procedures concerning investigation and reporting of the incidents.

## DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." D. Conn. Local R. Civ. P. 7(c)(1).  Such a motion should be granted only where the Court has overlooked facts or precedents that might have "materially influenced" the

earlier decision.  Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991).  The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Lack of Subject Matter Jurisdiction

In the motion for lack of subject matter jurisdiction, defendants argued that plaintiffs' ADA and Rehabilitation Act claims against ASD represent potential claims brought pursuant to the Individuals with Disabilities in Education Act ("IDEA") that should have been administratively exhausted.  Defendants asserted that failure to exhaust bars this Court from having subject matter jurisdiction over the claims asserted.  The Court agreed, holding that plaintiffs must satisfy IDEA's procedural exhaustion requirements for all IDEA claims as well as those claims asserted for relief that is available under IDEA regardless of the asserted statutory basis of the claim.

Plaintiffs seek reconsideration of the Court's ruling on the basis that any exhaustion requirement should be excused due to futility.  Specifically, plaintiffs assert that ASD would not be a party to the administrative proceeding against the local educational agency, which could therefore not provide a remedy to the discrimination complained of by plaintiffs.  In seeking to avoid exhaustion, plaintiffs bears the burden of showing futility. Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 488 n.8 (2d Cir. 2002).

IDEA exhaustion may be excused where the pursuit of administrative remedies would be futile because the agency was either acting in violation of the law or was unable to remedy the alleged injury.  Heldman on behalf of T.H. v. Sobol, 962 F.2d 148,

159 (2d Cir. 1992). The Second Circuit has accepted futility arguments where the state agency actions was contrary to law; systemic violations could not be remedied by local or state administrative agencies; the failure to take immediate action would adversely affect a child's mental or physical health; or the school district allegedly failed to implement the clearly-stated requirements of the child's education plan. Frank v. Sachem School Dist., 2015 WL 500489, *16 (E.D.N.Y.) (citing cases).

In its prior ruling, this Court noted that IDEA exhaustion was required where a student attending a private school claimed violation of the ADA, Rehabilitation Act and the IDEA. See Bishop v. Oakstone Academy, 477 F. Supp. 2d 876, 883 (S.D. Ohio 2007). However, in Bishop, the absence of private school from the administrative hearings would not have rendered the administrative remedies futile because the local school district could adequately address the relief sought through an alternative placement of the student in a public school. In this instance, the administrative remedies would be futile because the Department of Education hearing officer would have no jurisdiction over ASD, as a private school, and could not enforce any type of remedy developed through IDEA's administrative hearing process. See M.K. v. Sergi, 554 F. Supp. 2d 233, 241 (D. Conn. 2008) (Department of Education has jurisdiction only over entities delivering services as local education agency); 20 U.S.C. § 1401(19)(A) (defining "local education agency as "public board of education or other public authority").

Upon review and reconsideration, the Court will reverse its prior decision finding that plaintiff had failed to demonstrate futility. Plaintiff has shown that precedent supports the position that the hearing officer would have no jurisdiction over ASD as a

4

respondent to the administrative hearing and would not have the capacity to address the instant complaints of discrimination rather than an appropriate educational placement.  The Court finds that plaintiff was not required to exhaust IDEA's administrative remedies and the Court does not lack subject matter jurisdiction over the matter.  Accordingly, the Court must consider the merits of defendants' motion to dismiss for failure to state a claim.

      Motion to Dismiss for Failure to State ADA and Rehabilitation Act Claims

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In the complaint, plaintiffs allege that ASD "failed to properly train staff and have procedures in place to have peaceful encounters with individuals with Attention Deficit Hyperactivity Disorder or other emotional & behavioral issues and failed to establish a proper policy for handling such encounters, which resulted in the discrimination

5

against A.M. that caused him to suffer his injuries." Defendants maintain that plaintiffs are challenging the adequacy of the treatment plaintiff A.M. received at ASD rather than disparate treatment related to his disability; that plaintiffs cannot establish a prima facie case under the ADA or the Rehabilitation Act; and that plaintiffs have not adequately stated a claim for injunctive relief under the ADA or monetary damages under the Rehabilitation Act.

Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, prohibits private individuals who own, lease or operate a place of public accommodation from discrimination based on disability. The Rehabilitation Act provides that "no qualified individual with a disability ... shall, by reason of such disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

To establish the ADA claim, plaintiffs must allege that A.M. is disabled within the meaning of the ADA; (2) that defendants own, lease or operate a place of public accommodation; and (3) that defendants discriminated against him by denying him a full and equal opportunity to enjoy the services defendants provide. Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008). To establish the Rehabilitation Act claim, plaintiffs must allege that A.M. is a person with disabilities under the Act, that he has been denied benefits of or excluded from participating in a federally funded program or special service solely because of his disability. Andersen v. North Shore Long Island Jewish Healthcare System's Zucker Hillside Hosp., 2015 WL 1443254,

*15 (E.D.N.Y.).  A qualified individual asserting Title III ADA and Rehabilitation Act claims may allege three theories of discrimination: (1) intentional disparate treatment; (2) disparate impact or (3) failure to make a reasonable accommodation.  Tsombanidis v. West Haven Fire Dep't, 352 F.3d 565, 573 (2d Cir. 2003).  The merits of ADA and Rehabilitation Act claims are generally considered together.  McGugan v. Aldana-Bernier, 752 F.3d 224, 233 n.4 (2d Cir. 2014).

In the context of programs directed specifically at the disabled, a plaintiff who has a disability that is the reason for his eligibility for services faces difficulty in satisfying the requirement that he be an individual qualified to participate in the alleged program or facility in spite of his disability.  See United States v. University Hosp., 729 F.2d 144, 156 (2d Cir. 1984); Doe v. Pfrommer, 148 F.3d 73, 83 (2d Cir. 1998).  "Neither the ADA nor the Rehabilitation Act establish an obligation to meet a disabled person's particular needs vis-avis the needs of other handicapped individuals, but mandate only that the services provided . . .to non-handicapped individuals not be denied to a disabled person because he is handicapped."  Fetto v. Sergi, 181 F. Supp. 2d 53, 76 (D. Conn. 2001).  Thus, claims challenging the quality of services provided to disabled individuals are not cognizable under the ADA or Rehabilitation Act absent allegations that better care or more accessibility to care is provided to non-disabled individuals.  Univ. Hosp., State Univ. of N.Y., 729 F.2d at 157.

Thus, it follows that a plaintiff who is participating in a program for similarly disabled individuals will not be able to satisfy the comparative component required to demonstrate disability discrimination.  M.K., 554 F. Supp. 2d at 198; See also

7

Henrietta D. v. Bloomberg, 331 F.3d 261, 276 (2d Cir. 2003) (basic analytical framework of ADA includes comparative component); Tsombanidis, 352 F.3d at 575 (to establish a prima facie disparate impact case, plaintiff must show occurrence of outwardly neutral practices, and a significant adverse or disproportionate impact on persons of a particular type produced by defendant's facially neutral acts or practices.).

Upon review of plaintiffs' allegations, the Court find that plaintiffs have failed to allege any dissimilar treatment afforded to a comparative class of individuals, a denial of benefits or any refusal to provide a reasonable accommodation.[1]  Similarly, plaintiff has not alleged that certain neutral practices or policies have a disproportionate impact on a particular class of person). The Court will grant the motion to dismiss the claims of ADA Title III and Rehabilitation Act violation.  However, plaintiffs' brief indicates that they seek to advance a theory of disability discrimination based on treatment of individuals at ASD who have ADHD compared to treatment individuals who are deaf without ADHD.  The Court will afford plaintiffs an opportunity to replead their complaint if, in good faith, they can establish claims of disability discrimination pursuant to the ADA and Rehabilitation Act.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for reconsideration (doc. #69) and hereby VACATES its prior ruling granting the motion to dismiss for

---

[1] Under a reasonable accommodation theory, a defendant discriminates when it refuses to provide a reasonable accommodation relevant to the disability at issue. Tsombanidis, 352 F.3d at 578

8

lack of subject matter jurisdiction and finding as moot the motion to dismiss for failure to state a claim (doc. #68).  Upon review, the Court GRANTS the motion to dismiss for failure to state a claim (doc. #49).

     Dated this 9th day of April 2015 at Bridgeport, Connecticut.

                          /s/Warren W. Eginton  
                          Warren W. Eginton  
                          Senior United States District Judge