IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------X
A.M., a minor, by his parents and natural          :
guardians, AUDLEY MUSCHETTE and                    :      3:13 CV 1337 (WWE)
JUDITH MUSCHETTE                                   :
                                                   :
v.                                                 :
                                                   :
AMERICAN SCHOOL FOR THE DEAF;                      :
TOWN OF WEST HARTFORD; PAUL W.                     :
GIONFRIDDO, in his individual and official         :
capacities; CHRIS HAMMOND, in his                  :      DATE: NOVEMBER 22, 2016
individual and official capacities; ELWIN          :
ESPINOSA, in his individual and official           :
capacities; and CHRISTOPHER LYTH,                  :
Lyth, in his individual and official capacities    :
-----------------------------------------------------X
```

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. #99)

On September 11, 2013, plaintiff, A.M., a minor who is hearing impaired, commenced this action by his parents and natural guardians, Audley and Judith Muschette (Dkt. #1), which was later superseded by an Amended Complaint, filed April 22, 2015 (Dkt. #77), in which plaintiff asserts claims of excessive force and municipal liability pursuant to 42 U.S.C. § 1983, violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. and of the Rehabilitation Act, 29 U.S.C. § 701, and state law claims of negligence, negligent infliction of emotional distress, battery, assault, and intentional infliction of emotional distress, arising out of encounters with defendants Elwin Espinosa (see Dkts. ##1, 51, 53) and Chris Hammond, staff members at defendant American School for the Deaf ["ASD"], and with defendant Town of West Hartford and its defendant police officers, Paul W. Gionfriddo and Christopher Lyth [collectively "the West Hartford Defendants"]. (Dkt. #77; see also Dkts. ##68, 76). On July 1, 2015, the West Hartford Defendants filed their Answer and Affirmative Defenses (Dkt. #82), and on September 30, 2015, defendant ASD filed its Answer

and Affirmative Defenses. (Dkt. #85).

On November 12, 2015, plaintiff filed a Motion to Compel (Dkt. #86), and on December 9, 2015, the West Hartford Defendants filed a brief in opposition and Motion for Protective Order. (Dkt. #89; see also Dkt. #90). On January 20, 2016, Senior U.S. District Judge Warren W. Eginton referred the pending motions to this Magistrate Judge (Dkt. #91), and on March 22, 2016, this Magistrate Judge issued her Ruling on Plaintiff's Motion to Compel and Defendants' Motion for Protective Order (Dkt. #94)["March 2016 Ruling"], granting in part and denying in part both motions. On April 5, 2016, plaintiff filed an Objection in part to this Magistrate Judge's March 2016 Ruling (Dkt. #99),[1] and nine days later, the West Hartford Defendants filed a brief in opposition. (Dkt. #101).[2] Seven months later, on November 4, 2016, Judge Eginton referred the pending Objection, construed as a Motion for Reconsideration, to this Magistrate Judge. (Dkt. #109). Under the latest scheduling order, discovery closes on November 30, 2016, and dispositive motions are to be filed on or before January 3, 2017. (Dkts. ##107-08).

For the reasons stated below, plaintiff's Motion for Reconsideration (Dkt. #99) is granted, but the Magistrate Judge largely adheres to her previous conclusions.

I. DISCUSSION

Pursuant to Local Rule of Civil Procedure 7(c)1., a party may move for reconsideration of a decision or order of this Court by filing "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial

---

[1]The March 2016 Ruling addressed nine Interrogatories and eighteen Requests for Production; the objection addresses three Interrogatories and six Requests for Production.

[2]Attached to the West Hartford Defendants' brief in opposition is a copy of plaintiff's Interrogatories and Requests for Production.

2

decision or order." As the Second Circuit has made clear, the standard for granting such a motion is "strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)(citations omitted); see also Edible Arrangement Int'l, Inc. v. Incredible Franchise Corp., No. 07 CV 1788 (WWE), 2010 WL 2802368, at *1 (D. Conn. July 13, 2010).  Stated another way,

> It is well-established that the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or to consider newly discovered evidence.  The scope of review on motions for reconsideration is limited to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters . . . . Reconsideration will only be granted if a party can point to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice.
>
> A motion for reconsideration may not be used to relitigate an issue the court has already decided.  A motion for reconsideration is not simply a second bite at the apple for a party dissatisfied with a court's ruling. . . .

Lego A/S, and Lego Sys., Inc. v. Best-Lock Construction Toys, Inc., No. 11 CV 1586 (CSH), 2013 WL 1611462 at *2 (D. Conn. Apr. 15, 2013), quoting Morien v. Munich Reins. Am., Inc., 270 F.R.D. 65, 69 (D. Conn. 2010)(internal quotations & citations omitted).

In this case, plaintiff objects to this Magistrate Judge's determination that responses to Interrogatories Nos. 4, 13 and 18, and Requests for Production Nos. 3-5, and 13 are required only as they relate to the April 30, 2013 incident, and objects to this Magistrate Judge's denial of plaintiff's motion to compel responses to Requests for Production Nos. 91 and 95 on the basis that they do not relate to the claims alleged in the Amended Complaint.

(Dkt. #99, at 2-3).[3]

### A. INTERROGATORIES NOS. 4, 13 & 18 AND REQUESTS FOR PRODUCTION NOS. 3-5 & 13

In his Motion for Reconsideration, plaintiff appropriately observes, with respect to Interrogatories Nos. 4, 13 and 18, and Requests for Production Nos. 3-5 and 13, that "[b]y limiting [d]efendant's responses [to the April 30, 2013 incident], the Magistrate Judge agreed with the Town's position that [p]laintiff's claims against the [West Hartford Defendants] arise from the April 30, 2013 incident alone." (Dkt. #99, at 4). However, without establishing proper grounds for the Court to reconsider its prior order, plaintiff then reiterates the same argument posited in the underlying Motion to Compel. Plaintiff has not identified controlling decisions that the Court has overlooked, but rather, plaintiff seeks a different result. Accordingly, plaintiff's Motion for Reconsideration does not fall within the limited scope of review available for such motions. However, in an abundance of caution, plaintiff's arguments will be addressed again below.

Just as stated in this Court's March 2016 Ruling, the case law in the Second Circuit regarding interactions such as the one between the West Hartford Defendants and A.M. remains undecided. (March 2016 Ruling at 5-7; see Williams v. City of New York, 121 F. Supp. 3d 354, 365, n.12 (S.D.N.Y. 2015)). This is a premise to which plaintiff does not object in the current motion. As this Magistrate Judge then found: "At the discovery stage, it is not for the Court to decide whether plaintiff's cause of action exists" as it relates to the incidents alleged in the Amended Complaint, but rather, the Court must determine whether

---

[3]In his objection, plaintiff incorrectly refers to the March 2016 Ruling as a "Report and Recommendation," which only applies to a Magistrate Judge's ruling on dispositive motions; discovery motions, however, are non-dispositive motions, and accordingly result in a ruling, not a recommended ruling. (Dkt. #99, at 2-4, 6). See pp. 8-9 infra.

the information plaintiff seeks is "relevant to . . . [his] claim[s] . . . and proportional to the needs of the case[.]" (March 2016 Ruling at 7, quoting FED. R. CIV. P. 26(b)(1)).

Just as the Court did in the March 2016 Ruling, the Court directs plaintiff's attention to his allegations in the Amended Complaint.  Plaintiff asserts a claim for municipal liability arising out the acts "complained of in [the] paragraphs" in which the April 30, 2013 incident is alleged.  (See Dkt. #77, at 12-15). To establish municipal liability, "there must be 'a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.'" Gonzalez v. Waterbury Police Dept., No. 12 CV 478 (SRU), 2016 WL 953211, at *2 (D. Conn. Mar. 11, 2016), quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)(additional citation omitted).  In their Objections and Responses, the West Hartford Defendants have responded that they were aware that plaintiff is deaf, and they utilized the ASD personnel to communicate with plaintiff. (See Dkt. #86, Exh. B, at 7-8). Plaintiff alleges that he was tasered and handcuffed, and "[a]s a result of his traumatic encounter with the Town of West Hartford police officers . . . [p]laintiff has suffered serious and permanent injuries . . . . " (Dkt. #77,  ¶¶ 2, 5)(emphasis added).  Plaintiff has not alleged facts of any similar constitutional violations. See Russo v. City of Hartford, 341 F. Supp. 2d 85, 109 (D. Conn. 2004).[4]  Even assuming that a constitutional deprivation exists under the circumstances of this case, plaintiff's requests are not proportionate to the needs of the case.  Plaintiff does not allege any constitutional violations by the West Hartford Defendants against plaintiff other than on the dates asserted in the Amended Complaint, or against any other person affiliated with ASD, yet his discovery requests seek information regarding contacts with the

---

[4]See also Estate of Robert Ethan Saylor v. Regal Cinemas, Inc., No. WMN-13-3089, 2016 WL 4721254, at *17-18 (D. Md. Sept, 9, 2016)(even in "single incident cases" evidence of prior incidents must be put forward)(appeal filed).

West Hartford Defendants on "all occasions prior and thereafter from 2010-present[,]" and "each and every date that ASD has contacted [the West Hartford Defendants] to have the police come to the school regarding plaintiff[,]" presumably regardless of whether such occasions, if any, involve encounters with the police that led to a use of force involving tasering plaintiff.  (Dkt. #101, Exh.).[5]  Plaintiff's requests, as currently drafted, are not limited to the scope of the constitutional deprivation alleged in this case, and as a result, the Magistrate Judge does not alter the conclusion reached in the March 2016 Ruling.[6]  However, **on or before December 9, 2016**,[7] plaintiff may serve upon the Town of West Hartford

---

[5] In Interrogatory No. 4, plaintiff seeks information regarding whether ASD staff requested an American Sign Language interpreter from the Town of West Hartford when they contacted police from 2010 to present, including on April 30, 2013 and June 21, 2013; the dates on which the interpreter was requested; the name of the person making the request; to whom the request was made; the response of defendants; and whether an interpreter was provided.  (Dkt. #101, Exh. at 1).  Similarly, in Interrogatory No. 13, plaintiff seeks "each and every date that ASD has contacted [d]efendants to have the police come to the school regarding plaintiff, A.M.," the name of the person who contacted the police, the responding officers, the actions taken by the officers, whether any charges were filed against plaintiff, and the disposition thereof, if any.  (Id., Exh. at 2).  In Interrogatory No. 18, plaintiff seeks a response as to whether defendants "contacted any interpreting agency in an effort to accommodate plaintiff's disability and to ensure effective communication[.]" (Id., Exh. at 3).  Requests for Production Nos. 3, 4 and 5 similarly request information relating to interpreters for encounters with plaintiff. (Id., Exh. at 4; Dkt. #86, Exh. B).  Request for Production No. 13 goes even further: plaintiff requests documents relating to plaintiff's or any ASD staff member's "request for auxiliary aids and services prior to the police officers being dispatched on April 30, 2013 and June 21, 2013, as well as on all occasions prior and thereafter from 2010-present."  (Dkt. #86, Exh. B).  This latter request is not even limited to interactions involving plaintiff.

[6] Implicitly acknowledging the extraordinary breadth of his requests, plaintiff asserts that this Magistrate Judge "failed to recognize that [p]laintiff claims those discriminatory actions were the result of the Town's potentially deficient policies, procedures and trainings[,]" and such discovery includes "evidence of previous events that may have put the [West Hartford Defendants] on notice that interactions with deaf individuals were sufficiently likely, or that the Town's training with respect to the needs of deaf individuals was potentially deficient."  (Dkt. #99, at 4)(emphasis added)(citations omitted).  The language used is speculative in nature.

[7] See note 8 infra.

6

revised interrogatories on this particular issue which are proportionate to the facts alleged in this case, consistent with this Ruling.

B. REQUESTS FOR PRODUCTION NOS. 91 & 95

In Requests for Productions Nos. 91 and 95, plaintiff seeks documents relating to telecommunication devices, video remote interpreting and any accommodations provided by the West Hartford Defendants' facility, as well as policies relating to auxiliary aids at the West Hartford Defendants' facility. (See Dkt. #101, Exh.). "Plaintiff acknowledges that [the West Hartford] Defendants' discriminatory actions did not take place at [the West Hartford] Defendants' facility," but repeats his exact argument, almost verbatim, to claim that such information is discoverable as it relates to his failure to train claim. (Compare Dkt. #86, at 13 with Dkt. #99, at 6). As discussed above, "[a] motion for reconsideration may not be used to relitigate an issue the court has already decided. A motion for reconsideration is not simply a second bite at the apple for a party dissatisfied with a court's ruling. . . . " Lego, 2013 WL 1611462 at *2, quoting Morien, 270 F.R.D. at 69 (internal quotations & citations omitted). Accordingly, this Court adheres to its conclusion that plaintiff's Requests Nos. 91 and 95 do not relate to the claims in plaintiff's Amended Complaint.

II. CONCLUSION

For the reasons stated above, plaintiff's Motion for Reconsideration (Dkt. #99) is granted in limited part, as the Magistrate Judge largely adheres to the March 2016 Ruling; however, plaintiff may serve revised Interrogatories Nos. 4, 13 and 18, and Requests for Productions Nos. 3, 4, 5 and 13 **on or before December 9, 2016.**[8]

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and

---

[8] In light of this deadline, the deadline for completion of discovery is postponed until **January 31, 2017**, and the deadline for filing dispositive motions is postponed until **March 10, 2017**.

Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Impala v. United States Dept. of Justice, 2016 WL 6787933 (2d Cir. Nov. 15, 2016)(summary order)(failure to file timely objection to Magistrate Judge's recommended ruling will preclude further appeal to Second Circuit); cf. Small v. Sec'y, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[9]

Dated at New Haven, Connecticut, this 22nd day of November, 2016.

    /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[9] If any counsel believes that a continued settlement conference would be productive, he or she may contact this Magistrate Judge's Chambers accordingly.