UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| A.M., A MINOR, by his parents and natural guardians, AUDLEY MUSCHETTE and JUDITH MUSCHETTE, | CIVIL ACTION NO. 3:13-CV-1337 (WWE) |
| Plaintiff, | |
| V. | |
| AMERICAN SCHOOL FOR THE DEAF, ET AL., | |
| Defendants | MARCH 21, 2017 |

## ASD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME the American School for the Deaf, Christopher Hammond and Elwin Espinoza, Defendants in the above-captioned action (collectively "ASD Defendants"), and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby request that this Honorable Court enter summary judgment in their favor as to Plaintiff's Amended Complaint filed April 22, 2015. By way of background, Plaintiff's Amended Complaint alleges one Federal claim against the American School for the Deaf (hereinafter "ASD"), as well as various State Law claims against the ASD Defendants.[1]

As outlined in the accompanying Memorandum of Law, ASD seeks summary judgment on Count Ten of the Amended Complaint. Count Ten is the sole Federal claim against ASD; it alleges a violation of Title III of the American with Disabilities Act of 1990 and Section 504 of the Rehabilitation Act of 1973. ASD is entitled to summary judgment on Count Ten because Plaintiff was not denied educational services on the basis of his

---

[1] The Amended Complaint also asserts Federal and State Law claims against the Town of West Hartford, Paul Gionfriddo and Christopher Lyth. As those claims are not relevant to the ASD Defendants' Motion for Summary Judgment, they will not be addressed herein.

1

disabilities. Indeed, Plaintiff qualified for and received the services that he did because of his disabilities. In fact, ASD not only accommodated Plaintiff's disabilities, it designed a program specifically to accommodate students with such disabilities. As Plaintiff was not denied reasonable accommodations on the basis of his disabilities, summary judgment must enter in favor of ASD as to Count Ten of Plaintiff's Amended Complaint.

Upon entry of summary judgment on Count Ten, there will be no independent basis for federal jurisdiction over Plaintiff's State Law claims against the ASD Defendants. As such, this Honorable Court should decline to exercise supplemental jurisdiction over said State Law claims.

Should this Court exercise supplemental jurisdiction over the State Law claims, Elwin Espinoza (hereinafter "Espinoza") seeks summary judgement on all counts against him based on Plaintiff's own admissions. Plaintiff A.M. testified under oath at his deposition that Espinoza was a "cool guy" who was never physically aggressive towards him, and instead always tried to talk him down when he became upset. Based on Plaintiff's own statements under oath, he will not be able to establish the required elements for his State Law claims against Espinoza, and therefore summary judgment should enter in favor of Espinoza on Counts Seven, Eight and Nine of Plaintiff's Amended Complaint.

WHEREFORE, ASD respectfully requests that this Honorable Court enter summary judgment in its favor as to Count Ten of Plaintiff's Amended Complaint filed April 22, 2015, and thereafter decline to exercise supplemental jurisdiction over Plaintiff's State Law claims against the ASD Defendants. Should this court exercise supplemental jurisdiction over Plaintiff's State Law claims, Espinoza respectfully

2

requests that summary judgment enter in his favor as to Counts Seven, Eight and Nine of Plaintiff's Amended Complaint.

Respectfully submitted,
DEFENDANTS,
AMERICAN SCHOOL FOR THE DEAF,
CHRIS HAMMOND and ELWIN ESPINOSA

By /s/ Sharon Baldwin

Sharon Baldwin
Fed Bar No.: ct29481
David G. Hill & Associates, LLC
180 Glastonbury Blvd, Suite 202
Glastonbury, CT 06033
860-657-1012/Fax 860-657-9264
sbaldwin@dhill-law.com

## CERTIFICATION

This is to certify that on this 21st day of March, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Sharon Baldwin