Andrew Rozynski, Esq.
arozynski@eandblaw.com
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

------------------------------------------------------------

AUDLEY and JUDITH MUSCHETTE
on behalf of A.M.

     Plaintiffs,

      v.

TOWN OF WEST HARTFORD and
PAUL W. GIONFRIDDO,

         Defendants.

**3:13-cv-1337 (RNC)**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF RECONSIDERATION**

------------------------------------------------------------

**TABLE OF CONTENTS**

TABLE OF AUTHORTITES........................................................**Error! Bookmark not defined.**

INTRODUCTION ........................................................................................................1

ARGUMENT................................................................................................................1

I. Standard of Review ..........................................................................................1

II.   Law-Of-The-Case Doctine Mandates That The Court Exercise Supplemental Jurisdiction, And No Cogent Or Compelling Reason Suggests Otherwise...........................................1

A. The Circumstances Have Not Changed Since Judge Eginton's Rulling.........................2

B. The National Pandemic Related to COVID-19 Miliates In Favor of Supplemental Jurisdiction.................................................................................................3

III.   The Court Should Certify the Questions at Issue to The Connecticut Supreme Court……………………………………………………………………….4

A.   Certification Is Proper........................................................................5

CONCLUSION   ..................................................................**Error! Bookmark not defined.**

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Am. Hotel Int'l Group, Inc. v. OneBeacon Ins. Co.,*
  374 F. App'x 71 (2d. Cir. 2010)…….............................................................................1
*Ametex Fabrics v. Just In Materials,*
  140 F.3d 101 (2d Cir. 1998)............................................................................…3
*Arizonans for Official English v. Arizona,*
  520 U.S. 43 (1997) .............................................................................................4
*Boyd v. J.E. Robert Co.,*
  No. 05-CV-2455 (KAM) (RER),
  2010 U.S. Dist. LEXIS 140905 (E.D.N.Y. Mar. 31, 2010)………………………….2
*Cweklinsky v. Mobil Chem. Co.,*
  297 F.3d 154 (2d Cir. 2002)...........................................................................6
*Enercomp, Inc. v. McCorhill Publ'g, Inc.,*
  873 F.2d 536 (2d Cir. 1989) ..........................................................................3
*Fraser v. United States,*
  30 F.3d 18 (2d Cir. 1994) ...............................................................................6
*Freedman v. Am. Online,*
  412 F. Supp. 2d 174 (D. Conn. 2005) ...........................................................4
*Georgitsi Realty LLC v. Penn-Star Ins. Co.,*
  702 F.3d 152 (2d Cir. 2013)...........................................................................5
*Lehman Bros. v. Schein,*
  416 U.S. 386 (1974) .......................................................................................5
*Nowak v. Ironworkers Local 6 Pension Fund,*
  81 F.3d 1182 (2d Cir. 1996)...........................................................................3
*O'Mara v. Town of Wappinger,*
  485 F.3d 693 (2d Cir. 2007)...........................................................................4
*Parrot v. Guardian Life Ins. Co. of Am.,*
  338 F.3d 140 (2d Cir. 2003)...........................................................................5
*Purgess v. Sharrock,*
  33 F.3d 134 (2d Cir. 1994) ............................................................................3
*Ryan v. Nat'l Union Fire Ins. Co.,*
  692 F.3d 162 (2d Cir. 2012)...........................................................................5
*Shrader v. CSX transp.,*
  70 F.3d 255 (2d. Cir. 1995) ...........................................................................1
*United States v. Quintieri,*
  306 F.3d 1217 (2d Cir. 2002)………………………………………………….2
*United States v. Tenzer,*
  213 F.3d 34 (2d Cir. 2000)…........................................................................2

Statutes

28 U.S.C. § 1367(c)(1).....................................................................................1

28 U.S.C. § 1367.................................................................................................................3

Conn. Gen. Stat. § 51-199b(d).............................................................................................5

Conn. Gen. Stat. § 53a-22(b).............................................................................................4

Rules

Federal Rule of Civil Procedure 59(c) ...............................................................................1

Federal Rule of Civil Procedure 59(e) ...............................................................................1

Local Civil Rule 7(c)...........................................................................................................1

**INTRODUCTION**

On March 25, 2020, the Court denied Defendant's Motion for Summary Judgment but declined to exercise supplemental jurisdiction over Plaintiffs' state law claims. ECF. No. 172. Plaintiffs respectfully requests that the Court reconsider its decision. Fed. R. Civ. P. 59(e); Local R. 7(c). Discovery was completed four years ago; the case has been trial ready since the summer of 2018, but Defendant had filed an interlocutory appeal. As acknowledged by this Court, Judge Eginton's previous order retained supplemental jurisdiction. ECF No. 159. Plaintiffs urge this court to adhere to Judge Eginton's order based on the law-of-the-case doctrine, which commands that a district court generally may not deviate from a mandate issued earlier in the proceedings. *Am. Hotel Int'l Group, Inc. v. OneBeacon Ins. Co.*, 374 F. App'x 71, 73 (2d. Cir. 2010). Additionally, the national situation surrounding COVID-19 militates in favor of retaining jurisdiction. The time and energy of Connecticut state courts has been, and will continue to be, absorbed by delays and backlogs because of COVID-19. For these reasons and the reasons set forth below, Plaintiffs respectfully ask the Court to exercise supplemental jurisdiction over their state law claims in the interest of judicial economy and, if necessary, to certify the state law questions at issue to the Connecticut Supreme Court.

**ARGUMENT**

**I.       Standard Of Review**

A motion for reconsideration is governed by the standards set forth in Federal Rule of Civil Procedure 59(c) and Local Civil Rule 7(c). The motion should be granted if "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusions reached by the Court." *Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d. Cir. 1995).

1

**II.    Law-of-the-Case Doctrine Mandates that the Court Exercise Supplemental Jurisdiction**

Judge Eginton's order states, "[f]or the sake of efficiency, the court will exercise supplemental jurisdiction over plaintiffs' remaining claims." ECF No. 159. The law-of-the-case doctrine 'is implicated when a court reconsiders its own ruling in the absence of an intervening ruling on that issue by a higher court.'" *Boyd v. J.E. Robert Co.*, No. 05-CV-2455 (KAM) (RER), 2010 U.S. Dist. LEXIS 140905, at *51 (E.D.N.Y. Mar. 31, 2010) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)). "This doctrine requires that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise.'" *Id.* The Second Circuit has stated that "cogent and compelling reasons" include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Id.* at *52 (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)).

No such cogent and compelling reasons exist here, and the Court did not address the law-of-the-case doctrine yet acknowledged Judge Eginton's earlier scheduling order retaining supplemental jurisdiction. "Accordingly, the doctrine of the law of the case dictates that this Court's prior determination that supplemental jurisdiction may properly be exercised over plaintiffs remaining state law claims [should] continue to control." *Id***.**

**A.  The Circumstances Have Not Changed Since Judge Eginton's Ruling**

This case commenced seven years ago—in September 2013. Since then, the parties and the Court have devoted a substantial amount of time and judicial resources to fully assess numerous legal issues in this case, including the Second Circuit appeal. The parties completed discovery four years ago—in November 2016. Furthermore, the case has been in a trial ready posture for several years: the case was initially set for trial on June 5, 2018, before it was delayed because of

2

Defendant's interlocutory appeal. If this Court dismisses the state law claims now, Plaintiffs will be required to re-file in state court, necessitating additional costs and attorney's fees for both sides, and further delaying Plaintiffs' right to have their day in court. On the contrary, this Court is familiar with the factual record and all the legal issues and history of this case. While this case raises the novel issue of state law, such consideration is only one factor in deciding whether to exercise supplemental jurisdiction. *See Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("If, however, the dismissal of the federal claim occurs late in the action, after there has been substantial expenditure in time, effort, and money in preparing the dependent claims, knocking [the state claims] down with a belated rejection of supplemental jurisdiction may not be fair. Nor is it by any means necessary. Moreover, the discretion implicit in the word 'may' in subdivision (c) of § 1367 permits the district court to weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants.") (internal quotation and citation omitted); *Ametex Fabrics v. Just In Materials,* 140 F.3d 101, 105-06 (2d Cir. 1998) (supplemental jurisdiction appropriate where discovery and a settlement conference had taken place); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d Cir. 1996) (supplemental jurisdiction appropriate where federal claims dismissed only nine days before trial); *Enercomp, Inc. v. McCorhill Publ'g, Inc.*, 873 F.2d 536, 546 (2d Cir. 1989) (supplemental jurisdiction appropriate where not only was the case "well-known to the presiding federal judge" but "[t]he case had involved over eleven months of often heated pretrial litigation"). Accordingly, Plaintiffs respectfully ask this Court to exercise supplemental jurisdiction of their remaining state law claims.

> **B. The National Pandemic Related to COVID-19 Militates in Favor of Supplemental Jurisdiction**

Many judicial changes have been implemented in courts across the country as a result of COVID-19. If this Court declines to exercise supplemental jurisdiction, there may be an even more burdensome delay in filing a brand new case in Connecticut State Court since the already busy court system will inevitably become busier once it resumes normal operations. Certification would "save time, energy, and resources" by enabling the state's highest court to provide a "conclusive" interpretation of "substantial impairment of structural integrity." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 77 (1997) (internal quotation marks omitted); *Freedman v. Am. Online*, 412 F. Supp. 2d 174, 191 (D. Conn. 2005). Accordingly, supplemental jurisdiction is proper.

**III.    The Court Should Certify the Questions at Issue to the Connecticut Supreme Court**

Instead of removing this matter that has been litigated before this Court for nearly seven years to state court, Plaintiffs request that the Court consider certifying the questions at issue to the Connecticut Supreme Court. Specifically, the following four questions based on the Court's most recent order. ECF No. 172:

1) Under Conn. Gen. Stat. § 53a-22(b), is an objectively reasonable use of force actionable if the police officer did not believe it was reasonably necessary in the circumstances?

2) How is § 53a-22(b) applied to a motion for summary judgment in an excessive force case against a police officer when the officer's subjective motive or intent is in issue?

3) At trial, which party has the burden of proof on the issue of a police officer's subjective belief?

4) When the use of force has been determined to be objectively reasonable for purposes of federal qualified immunity, does a cause of a cause of action exist in tort for a police officer's alleged unreasonable use of force under the objective component of § 53a-22(b)?

Under Connecticut law, "[t]he Supreme Court may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b(d). When utilized properly, certification may "save time, energy, and resources" for both state and federal courts, while providing an opportunity for courts to work together toward a more "cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974). As fully detailed below, certification is proper.

### A. Certification is Proper

As already mentioned by this Court, certification is an option. ECF No. 172. When deciding whether to certify a question to the Connecticut Supreme Court, a court should consider, among other factors, "(1) the absence of authoritative state court decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation." *O'Mara v. Town of Wappinger*, 485 F.3d 693, 698 (2d Cir. 2007). "Where a question . . . implicates the weighing of policy concerns, principles of comity and federalism strongly support certification." *Parrot v. Guardian Life Ins. Co. of Am.*, 338 F.3d 140, 144 (2d Cir. 2003). Accordingly, certification is properly reserved for cases where the questions are unresolved by precedent or difficult to resolve. *See Georgitsi Realty LLC v. Penn-Star Ins. Co.*, 702 F.3d 152, 158 (2d Cir. 2013); *see* Conn. Gen. Stat. § 51-199b(d). Additionally, the fact that Connecticut courts have offered "no guidance" on an issue one way or the other can provide grounds for certification. *Ryan v. Nat'l Union Fire Ins. Co.*, 692 F.3d 162, 169 (2d Cir. 2012). As noted in detail by this Court in its recent decision, questions in the present matter fall into these categories, thus certification is proper.

Furthermore, tort cases are good candidates for certification if they "implicate important values in the evolution" of Connecticut common law. *See Fraser v. United States*, 30 F.3d 18, 20 (2d Cir. 1994). Recurring issues will also have a significant impact beyond the particular litigation in which the certified question arises, and they will often be appropriate for certification to Connecticut's highest court. *Cweklinsky v. Mobil Chem. Co.*, 297 F.3d 154,161 (2d Cir. 2002). Here, the claims against the police officer involving assault, battery, intentional infliction of emotional distress, negligence, and a claim against the officer's municipal employer for indemnification are not only capable of reoccurring, but the claims raise serious policy concerns regarding police brutality and a police officer's use of force. Based on the aforementioned, certification is proper.

<div align="center"><b>CONCLUSION</b></div>

For the reasons-stated herein, this Court should exercise supplemental jurisdiction over the state law claims and, if necessary, certify the state law questions at issue to the Connecticut Supreme Court.

Dated: April 1, 2020

<div style="margin-left:40%;">

Respectfully submitted,
EISENBERG & BAUM, LLP


By:

Andrew Rozynski, Esq.
24 Union Square East
Fourth Floor
New York, NY 10003
(212) 353 8700 (Telephone)
(212) 353 1708 (Facsimile)

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2020, I electronically filed the aforementioned document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Respectfully submitted,
EISENBERG & BAUM, LLP

By: 

Andrew Rozynski, Esq.
24 Union Square East
Fourth Floor
New York, NY 10003
(212) 353 8700 (Telephone)
(212) 353 1708 (Facsimile)